IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID HUGHES,<br><br>Plaintiff,<br><br>v.<br><br>RICHMOND COUNTY CONSTRUCTORS, LLC,<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW, David Hughes ("Plaintiff" or "Mr. Hughes"), by and through his undersigned counsel, and files this Complaint against Richmond County Constructors, LLC ("Defendant" or "RCC"), showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2021; the EEOC issued its Notice of Right to Sue on May 26, 2022. The parties entered into a Tolling Agreement up to and including September 23, 2022.

5.

Plaintiff timely files this action in accordance with the agreed upon Tolling Agreement.

## PARTIES

6.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA.

9.

During all times relevant hereto, Defendant employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, United Agent Group, Inc. located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

## FACTUAL ALLEGATIONS

12.

Plaintiff began working for Defendant on or about July 22, 2019, as a Journeyman Electrician.

13.

Mr. Hughes had several medical conditions he sought treatment for.

14.

On or about September 1, 2020, Mr. Hughes became the Detail Foreman, which included overseeing the crew when the Foreman was absent.

15.

On or around October 30, 2020, Mr. Hughes requested FMLA leave with Defendant's Labor Relations department.

16.

On or around November 9, 2020, Derek Leeman, Foreman, informed Mr. Hughes that he was being removed from the Detail Foreman position due to his medical conditions causing him to miss work.

17.

On or around December 9, 2020, Defendant told Mr. Hughes he would need to complete new FMLA forms to indicate how many flare-ups he could possibly have.

18.

On January 4, 2021, Mr. Hughes' doctor cleared him to return to work.

19.

Mr. Hughes completed eligibility request forms for January 4, 7, and 13 while he was under his doctor's care.

20.

On January 18, 2021, Mr. Hughes was approved for intermittent FMLA leave.

21.

On February 17, 2021, Mr. Hughes began using a crutch for his arthritis flareups.

22.

On March 17, 2021, Mr. Hughes informed Defendant that he would need to take leave for knee surgery beginning April 20, 2021.

23.

On March 28, 2021, Defendant suspended Mr. Hughes for absenteeism.

24.

On March 31, 2021, Defendant terminated Mr. Hughes.

25.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating his employment while he was on medical leave for his own serious health condition.

26.

Defendant retaliated against Plaintiff for requesting medical leave by terminating his employment as a result of needing FMLA leave.

27.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently. Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

28.

Plaintiff requested a reasonable accommodation of his disabilities.

29.

Specifically, Plaintiff requested leaves of absence.

30.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

31.

Defendant terminated Plaintiff because he had a record of a disability and/or because it regarded him as disabled and/or because he engaged in protective activity.

32.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, he would not have suffered the adverse employment action.

33.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

34.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

35.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

36.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

37.

Defendant was aware of Plaintiff's disability.

38.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

39.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

40.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

41.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

42.

Defendant terminated Plaintiff's employment because of his accommodation requests.

43.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

44.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

45.

Defendant treated other employees outside Plaintiff's protected class differently.

46.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

49.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

50.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

51.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

52.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

53.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

54.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

55.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

56.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

57.

Defendant was aware of Plaintiff's disability.

58.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

59.

Defendant terminated Plaintiff for requesting an accommodation for his disability and/or perceived disability.

60.

Plaintiff's request for an accommodation of his disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

61.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

62.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

63.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

64.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

65.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

66.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

67.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

68.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

69.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  FMLA RETALIATION

70.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

71.

Defendant is an 'employer' as defined by the FMLA.

72.

Plaintiff was an eligible employee under the FMLA.

73.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

74.

Plaintiff was employed by Defendant for more than 12 months.

75.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

76.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

77.

Plaintiff had a medical condition that required Plaintiff to take time off work.

78.

Plaintiff had a serious medical condition as defined by the FMLA.

79.

Defendant received notice of Plaintiff's need for protected medical leave for his medical condition on or about March 23, 2021.

80.

Defendant terminated Plaintiff's employment because of his request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

81.

Defendant's termination of Plaintiff's employment was causally related to his attempt to exercise her rights to protected medical leave pursuant to the FMLA.

82.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for his attempt to exercise his rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

83.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)   All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)   All other relief to which he may be entitled.

Respectfully submitted this 26th day of September 2022.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff David Hughes*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com